GALLAGHER *v.* CONEY ISLAND & B. R. CO.

(*City Court of Brooklyn, General Term.* April 22, 1889.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    Where the evidence is conflicting as to whose negligence caused the injury complained of, the finding of the jury will not be disturbed on appeal.

Appeal from trial term.

Action by Patrick Gallagher against the Coney Island & Brooklyn Railroad Company. Judgment was entered for plaintiff, and defendant appeals.

Argued before OSBORNE and VAN WYCK, JJ.

*Bergen & Dykman,* for appellant.  *James & Thomas H. Troy,* for respondent.

OSBORNE, J.  This action is brought to recover the amount of damages caused to a coach owned by plaintiff by reason of a collision between it and a street-car of defendant, which collision plaintiff claims was due to the negligence of a car-driver of the defendant.  On January 25, 1888, about 2 o'clock in the afternoon, plaintiff's driver (since deceased) was driving said coach easterly along Schermerhorn street.  The coach was occupied by George Gallagher and two children, who were on their way to a funeral.  On reaching Smith street the driver of the coach turned to his left into Smith street, and while crossing the right-hand westerly track of the defendant, in a slanting direction, his horses being on a walk, the collision occurred.  The witness Gallagher testified that when he first saw the car it was nearer Livingston than Schermerhorn street, and was going at a fast trot, and the driver of the car admits that his car was about 50 to 60 feet away when he saw the coach horses' heads "coming at the corner of Schermerhorn street and Smith.  There was a decided conflict of testimony as to the particulars of the collision, each side claiming that it was due solely to the negligence of the other.  The question as to the negligence of the defendant was very fairly submitted by the learned trial judge to the jury in a charge which was so favorable to the defendant that the learned counsel for the defendant, on the argument of this appeal, conceded it to be a fair exposition of the law applicable to the case, and the jury have found a verdict for the plaintiff.

We are now asked to reverse this judgment on the grounds—*Firstly,* that a nonsuit should have been granted; *secondly,* that there was no negligence of the defendant established; and, *thirdly,* that the verdict is against the weight of evidence.  We are of the opinion that no one of these grounds is tenable.  The case made by the plaintiff was clearly sufficient to go to the jury, and the question as to the freedom from contributory negligence on the part of the plaintiff, and as to the collision being the result of negligence on the part of the defendant, were matters which ought to have been and were duly submitted to the jury with the above-mentioned result.  Nor was there any such preponderance of testimony on behalf of the defendant as would justify us in setting the verdict aside.  On the contrary, we are satisfied that the jury did not err in their conclusions.  The driver admits that his car was from 50 to 60 feet away when he saw the heads of the coach horses at the corner of Schermerhorn and Smith streets.  We think that, while traveling the intermediate space, he had ample time to brake up his car, and so avoid the coach.  He had no such exclusive right to the street as would justify him in going ahead, trusting that the coach driver would get out of his way.  It was the car-driver's duty to take all reasonable precautions to avoid a collision, and he was not justified in taking any risks on the assumption that, because the coach-driver could turn in any direction, and the car was confined to its tracks, it was the business of the coach-driver to get out of its way or take the consequences.  While, of course, it was the duty of the coach-driver to exercise all proper and ordinary care to avoid the collision, it by no means follows that the sole burden of exercising such care rested on him.  As before stated, the question of plaintiff's freedom from negligence, and of defendant's negligence, was fairly submitted to the jury, and they have found against the defendant, and we can find no good reason for interfering with the verdict.  Judgment and order denying motion for new trial affirmed, with costs.